**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MCILWAIN, LLC, AKA Timothy J.
McIlwain, Attorney at Law,

        Plaintiff-Appellant,

v.

HAGENS BERMAN SOBOL SHAPIRO
LLP,

        Defendant-Appellee,

 and

STEVE BERMAN, Esquire; et al.,

        Defendants.

No.    20-15445

D.C. No. 4:18-cv-03127-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

McIlwain, LLC ("McIlwain") appeals the district court's grant of summary judgment to Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and revocation of McIlwain's appearance pro hac vice.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo.  *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020).  We review the district court's supervision of attorney conduct for abuse of discretion.  *See Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996); *see also In re United States*, 791 F.3d 945, 955 (9th Cir. 2015) ("We normally review a denial of a

---

[1] McIlwain also seeks to reopen two of the the district court's decisions in *Keller v. Electronic Arts, Inc*, Case No. 2009-cv-1967-CW (N.D. Cal.).  Those cases are not properly before this panel and we decline to address these arguments.

McIlwain also purports to appeal the district court's denial of its motion for sanctions, but fails to make any substantive argument in support of this claim.  We therefore deem this argument waived and decline to address it.  *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (we "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief").

Timothy McIlwain argues that if his pro hac vice status is revoked, he should be permitted to appear pro se, but he failed to raise this issue in district court.  *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) ("Generally, arguments not raised in the district court will not be considered for the first time on appeal.").

2

motion to appear pro hac vice for abuse of discretion." (quotations and citation omitted)).

The district court properly granted summary judgment to Hagens Berman on McIlwain's breach of contract claim. The parties do not dispute that California law applies. Under California law, the fee-splitting agreement McIlwain seeks to enforce is unenforceable because it is "[c]ontrary to an express provision of law," or "[c]ontrary to the policy of express law." *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg. Co., Inc.* (*Sheppard Mullin*), 6 Cal. 5th 59, 73 (2018) (quoting Cal. Civ. Code § 1667). No matter whether the New Jersey or the California Rules of Professional Conduct apply, McIlwain's failure to inform and obtain Hart's consent prior to signing the specific fee agreement and proposed settlement violated those rules. *See* Cal. Rules of Pro. Conduct R. 2-200 (1992) ("A member shall not divide a fee for legal services with a lawyer who is not a partner of, associate of, or shareholder with the member unless . . . [t]he client has consented in writing thereto after a full disclosure has been made in writing that a division of fees will be made and the terms of such division[.]"); N.J. Rules of Pro. Conduct R. 1.5(e) (2004) ("[A] division of fee between lawyers who are not in the same firm may be made only if . . . the client is notified of the fee division . . . and . . . the client consents to the participation of the all the lawyers involved[.]").

3

"California courts have held that a contract or transaction involving attorneys may be declared unenforceable for violation of the Rules of Professional Conduct[.]" *Sheppard Mullin*, 6 Cal. 5th 73; *see also Chambers v. Kay*, 29 Cal. 4th 142, 156–58 (2002) (refusing to enforce fee division agreement undertaken without written client consent on ground that arrangement violated Rules of Professional Conduct). Without an enforceable contract, McIlwain has no claim for breach. Moreover, McIlwain fails to challenge the district court's grant of summary judgment on McIlwain's other claims for breach of the implied covenant of good faith and fair dealing and intentional interference with prospective economic advantage, and accordingly, we affirm the decision of the district court granting summary judgment on all grounds.

We also affirm the district court's revocation of Timothy McIlwain's appearance pro hac vice. McIlwain does not seriously dispute that he violated numerous local rules and rules of professional conduct, but instead suggests that these violations "were not of such egregious nature that would warrant revocation of his pro hac vice appearance." Having reviewed the number and severity of McIlwain's violations, we conclude the district court did not abuse its discretion in revoking McIlwain's pro hac vice appearance.

**AFFIRMED.**[2]

---

[2] We deny Hagens Berman's motion to dismiss or summarily affirm.